## NATIONAL BANK OF FORT EDWARD, RESPONDENT, *v.* THE WASHINGTON COUNTY NATIONAL BANK, APPELLANT.

*Bank — liability of, for money deposited.*

An action cannot be maintained to recover money deposited in a bank, until a demand has been made therefor.

Where a bank issues a certificate of deposit, payable on its return properly indorsed, it is liable thereon to a *bona fide* holder to whom it was transferred seven years after its issue, notwithstanding a part payment thereof to the original holder. Such certificate is not dishonored until presented.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was brought to recover the amount of a certificate of deposit, of which the following is a copy:

"CERTIFICATE OF DEPOSIT.

"No. 20,186.  Washington County Bank, Union Village, N. Y., April 4, 1863.

"This certifies that J. K. Sanborn, agent of George Paige, has deposited in this bank five hundred dollars to the credit of said agent, payable on the return of this certificate properly indorsed.

$500.

"EDWIN ANDREWS, *Cashier*."

A payment of $215 had been made upon the certificate by the bank, on the 20th of September, 1864.

The certificate was transferred for value by the said Sanborn to the plaintiff, on the 20th October, 1870, without any knowledge or notice of said payment on the part of the plaintiff.

The only question litigated on the trial was, whether, as against the plaintiff, the defendant had a right to have said payment applied upon the certificate. The justice who tried the cause disallowed said claim of defendant.

*Boies & Thomas*, for the appellant. It is now settled in this State by the cases of *Herrick* v. *Woolverton* (41 N. Y., 581) and

*Wheeler* v. *Warner* (47 id., 519) that a note payable on demand, with or without interest, must be presented within a reasonable time or it will be deemed due and dishonored, so that a negligent transferee will take it subject to all equities existing between the original parties. (*Himmelman* v. *Hotaling*, 40 Cal., 111; 6 Am., 600; *Poorman* v. *Mills*, 39 Cal., 345; 2 Am., 451; Chitty on Bills, 379; Story on Prom. Notes, § 207, note 1; Story on Bills of Exch., §§ 232, 335; 1 Pars. on Cont. [2d ed.], 217, note 1; Pars. on Notes and Bills, 264, 266.) The certificate was outlawed at the time it was transferred to the plaintiff. The Court of Appeals has recently decided unanimously, without a dissenting voice, "that a promissory note payable on demand, whether with or without interest, is due forthwith, and an action thereon against the maker is barred by the statute of limitations if not brought within six years after its date." (*Wheeler* v. *Warner*, 47 N. Y., 519; *Howland* v. *Edmonds*, 24 id., 307; *Herrick* v. *Woolverton*, 41 id., 581; *Payne* v. *Gardner*, per MULLIN, J., 29 id., 167; per WRIGHT, J., 178.) The said certificate of deposit possesses all the requisites of a negotiable promissory note, payable on demand, and must be regarded and treated as such. (*Barnes* v. *Ontario Bank*, 19 N. Y., 152; *Farmers and Mechanics' Bank* v. *Butchers and Drovers' Bank*, 14 id., 623; *Bank of Orleans* v. *Merrill, President, etc.*, 2 Hill, 295; *Poorman* v. *Mills & Co.*, 39 Cal., 345; 2 Am., 451; *Himmelman* v. *Hotaling*, 40 Cal., 111; 6 Am., 600.)

*A. D. Wait*, for the respondent. In the ordinary case of a deposit with a bank or private person, the money is not due or payable until it is demanded. And when a certificate of deposit is issued like the one in question, which by its terms is due and payable only on "its return properly indorsed," and not before, it is not to be regarded as dishonored or subject to equities between the original parties in the hands of a *bona fide* holder without notice. It is a continuing security and was not due or payable until it was, by plaintiff, presented for payment by plaintiff properly indorsed. (*Payne* v. *Gardner*, 29 N. Y., 167, 168, etc.) The delay in presenting it for payment is of no importance. It was only payable "on its return properly indorsed." (14 N. Y., 624, per DENIO, J.)

Learned, P. J.:

In the strict meaning of the word, borrowed from the civil law, *deposit* is the delivery of a thing for custody, to be redelivered on demand, without compensation. Such are deposits of securities or valuables, in a bank, for safe keeping. But ordinary money deposits in banks are clearly different, in this respect: the identical money deposited is not to be returned — only its equivalent; and the money deposited becomes the money of the bank. The bank really becomes debtor to the depositor. Still, however, the bank is, in theory, supposed to have the money on hand, ready to deliver when called for; and hence it is that, as in the case of a true deposit, an actual demand must be made before the bank can be required to pay. This is the plain and undoubted understanding of all parties. The depositor puts his money in the bank for better security, instead of keeping it himself. And when he actually demands it the bank is to pay; not before. The bank may also give a certificate of deposit. When they do this, and when, as in this case, they make the certificate payable on its return, properly indorsed, they have then added to their original undertaking as a depositary, an agreement that they will pay the deposit to the holder of that certificate, properly indorsed. They are, therefore, under a liability as depositary, to be ready to redeliver the money whenever demanded; and further, to deliver it to any holder of that certificate, properly indorsed. It follows, therefore, that they are liable to a *bona fide* holder of the certificate, notwithstanding a payment to the original depositor. It was urged by the defendants that the certificate was payable forthwith; that after the lapse of an unreasonable time (in this case seven years), it was presumed to be dishonored, and therefore, that the assignee took it subject to all equities. We think not. The very nature of the instrument and the ordinary modes of business, show that a certificate of deposit, like a deposit credited in a pass-book, is intended to represent moneys actually left with the bank for safe keeping, which are to be retained until the depositor actually demands them. Such a certificate is not dishonored until presented. Our statutes recognize depositors as a distinct class from other creditors, and sometimes give them special privileges; and this is because,

although in fact the bank is a debtor, yet it is supposed to be more, and to be a depositary, liable to redeliver, at any time, on demand.

We think, therefore, that the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment affirmed, with costs.